BARRY J. PORTMAN
Federal Public Defender
REBECCA SULLIVAN SILBERT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant DORAISWAMY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHRI DORAISWAMY,<br><br>    Defendant. | No. CR-07-00444 DLJ<br><br>**DECLARATION IN SUPPORT OF UNOPPOSED APPLICATION, AND APPLICATION FOR ORDER AUTHORIZING INDIGENT SUBPOENA UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 17(b) AND (c)** |

I, REBECCA SULLIVAN SILBERT, make the following declarations under penalty of perjury:

1) I am an Assistant Federal Public Defender appointed to represent Shri Doraiswamy in the above captioned case.

2) I am informed and believe, and on the basis of said information and belief allege, that Mr. Doraiswamy is unable to pay for expenses in connection with the duplication of the materials listed in the attached subpoena;

3) This request seeks one subpoena duces tecum for Union Bank. The proposed subpoena is attached. I believe all information requested is relevant, necessary and material to a fair determination of this case at trial.

4) Mr. Doraiswamy is charged with wire fraud relating to investments with which he was

|   |   |   |
|---|---|---|
| 1 |   | involved between approximately 2000 and 2003.  The government has produced certain |
| 2 |   | financial records that are relevant to this case because they reflect the financial |
| 3 |   | transactions made by Mr. Doraiswamy between 2000 and 2003.  The records are relevant, |
| 4 |   | necessary and material to the alleged loss amount, as well as to Mr. Doraiswamy's state |
| 5 |   | of mind (which is at issue in the case), because, among other things, the government |
| 6 |   | argues that Mr. Doraiswamy's movement of monies is proof of his intent to defraud. |
| 7 | 5) | In some instances, the financial records produced by the government are incomplete or |
| 8 |   | illegible.  Attached to this Declaration and Application is the proposed subpoena and |
| 9 |   | attachment.  The attachment lists those documents that we are missing or cannot read, and |
| 10 |   | that we are requesting through the subpoena.  The requested documents are relevant, |
| 11 |   | necessary and material because the defense cannot fully understand the financial |
| 12 |   | transactions at issue with incomplete documentation.  These documents will be highly |
| 13 |   | relevant and material to the defense case at trial. |
| 14 | 6) | It is counsel's understanding that most financial institutions destroy all documents after |
| 15 |   | seven years.  Waiting until trial to obtain the documents may therefore result in the |
| 16 |   | destruction and unavailability of relevant and material documents. |
| 17 | 7) | It is my professional judgment and opinion that the production of the requested materials |
| 18 |   | is necessary to a full and fair trial for the above-named defendant.  It is similarly my |
| 19 |   | professional judgment and opinion that production of the requested materials prior to the |
| 20 |   | trial is essential to enable the preparation of the defense in this case and to ensure a fair |
| 21 |   | trial for the defendant.  Additional investigation will likely need to be conducted after |
| 22 |   | defendant obtains the requested information in order to locate and interview potential |
| 23 |   | witnesses or additional documents.  Advance production is therefore necessary to prevent |
| 24 |   | delay or interruption of the trial. |
| 25 | 8) | It has been my experience that financial institutions request at least 15 business days from |
| 26 |   | the date they are served to comply with a subpoena.  The return date on the requested |

1  subpoena is therefore 20 business days from the date of this Application.

2  9)  I have spoken with AUSA Stephen Corrigan, and it is my understanding that he will not
3  be opposing the requested subpoena.

4  10)  For all of these reasons, I respectfully request that the Court issue an order:

5  1)  authorizing the issuance of the subpoena for copies of Union Bank records;

6  2)  authorizing the costs of fees and expenses associated with production of the
7  materials so subpoenaed to be paid as if subpoenaed by the government;

8  3)  allowing the option of the production of the documents to the Federal Public
9  Defender on or before March 28, 2008.

10

11  Dated: 2/28/08

12  Respectfully submitted,

13  BARRY J. PORTMAN
    Federal Public Defender
14
        /S/
15
    REBECCA SULLIVAN SILBERT
16  Assistant Federal Public Defender

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00444 DLJ |
| Plaintiff, ) | |
| ) | [PROPOSED] ORDER |
| vs. ) | AUTHORIZING SUBPOENA |
| ) | |
| SHRI DORAISWAMY, ) | |
| ) | |
| Defendant. ) | |

On the motion of the defendant pursuant to rule 17(b) and (c) of the Federal Rules of Criminal Procedure, and good cause appearing therefore,

IT IS HEREBY ORDERED that the following subpoena issue for the specified Union Bank records, and that the fees and expenses associated with production of the materials so subpoenaed shall be paid as if subpoenaed by the government.

IT IS FURTHER ORDERED that the subpoenas allow the option of the production of the material to the Federal Public Defender on or before March 28, 2008.

DATED:

_____
HON. D. LOWELL JENSEN
United States District Judge

Subpoena App                                                4